## No. 6156.

### Felix Braud vs. the Town of Donaldsonville.

In 1861 the General Assembly passed act No. 69, authorizing the mayor and select-men of the town of Donaldsonville, parish of Ascension, to issue bonds for such sums, not exceeding twenty-five thousand dollars, as in their judgment might be required for the interest of said town.

Under this authority, in 1866, the town of Donaldsonville undertook to settle with all its creditors by issuing to them consolidated bonds amounting in the aggregate to less than twenty-five thousand dollars, payable ten years after date, bearing eight per cent interest, payable annually.

The interest on these bonds was paid punctually till April, 1871. Subsequently, the corporation refused to pay the interest as it accrued, and it passed an ordinance repudiating the bonded debt. Thereupon the plaintiff, holder of some of these bonds, sues the defendant for the payment of the interest and capital represented by these bonds.

The corporation had undoubtedly authority to issue the bonds in question, and it fails to show any want or failure of consideration or any other valid defense. It was anxious to settle with its creditors and procure a long term of years for paying the debts it considered it then owed.

Corporations, like natural persons, should be honest. In the case at bar the town of Donaldsonville had authority in 1866 to settle with plaintiff or the party to whom these bonds were issued. Whatever defense there was to the claim, it was presumably known at the time of the settlement.

If there was not then a valid legal obligation, there was at least a moral obligation,. which was a good consideration for the bonds. If there was no other consideration, the delay of ten years was a legal consideration for the compromise in 1866 under which the bonds in question were issued.

The refusal to pay the interest which was due in April, 1872, and April, 1873, and the ordinance of repudiation, did not cause the whole debt to become due, and, therefore, in May, 1873, when this suit was instituted, plaintiff had not the right to demand payment of the bonds which were issued on the third of April, 1866, and payable ten years after date.

The holder of a debt against a corporation has no greater right than if the maker were a natural person. The declaration of a natural person to the effect that he repudiates his obligation will not cause that obligation to mature before the time specified in the contract. Plaintiff is therefore only entitled to the interest accrued.

APPEAL from the Fourth Judicial District Court, parish of Ascension. *Flagg*, J. *R. N. & Wm. Sims*, for plaintiff and appellant. *Nicholls & Pugh*, for defendant and appellee.

Wyly, J. In 1861 the General Assembly passed act No. 69, which provides " that the mayor and board of selectmen of the town of Donald-sonville, parish of Ascension, be and they are hereby authorized to issue·

bonds of said town for such sums, not exceeding twenty-five thousand dollars, as in their judgment may be required for the interest of said town." Under this authority in 1866 the town of Donaldsonville undertook to settle with all its creditors by issuing to them consolidated bonds amounting in the aggregate to less than twenty-five thousand dollars, payable ten years after date, bearing eight per cent interest, payable annually.

The interest on these bonds was paid punctually till April, 1871. Subsequently, the corporation refused to pay the interest as it accrued, and it passed an ordinance repudiating the bonded debt. Thereupon plaintiff, the holder of sixteen of these consolidated bonds of one hundred dollars each, brought suit to recover one hundred and twenty-eight dollars, the amount of interest due on the third of April, 1872, and one hundred and twenty-eight dollars, the amount of interest due on the third of April, 1873, and alleging that by default in paying the interest and by the ordinance repudiating the debt, the whole amount of the principal of said bonded debt became due and exigible, and therefore he prayed judgment for sixteen hundred dollars, with eight per cent interest thereon from the third of April, 1873 ; he also prayed that a tax be ordered to be assessed and collected to pay the amount of the judgment. The court rejected the demand of plaintiff, and he appeals.

Many interesting questions are discussed in the brief filed by the learned counsel of defendant; but to us the questions involved in this controversy appear to be exceedingly simple.

First—Had the corporation authority to issue the bonds in suit ?

That is answered by the language of act sixty-nine of 1861, under which they were issued. Undoubtedly the corporation had authority to issue the bonds.

Second—Has the defendant shown want or failure of consideration or any other valid defense ?

We think not. The corporation in 1866 was anxious to settle with its creditors and procure a long term of years for paying the debts it considered it then owed. Plaintiff says that his debt was for money loaned to the corporation and which it used in paying its debts for works of public improvement. Defendant says that the writing or evidence of the debt which was taken up in exchange for the consolidated bonds was not such as to bind the corporation. Grant it. If the corporation used the money, or received consideration for the debt owing plaintiff, it had authority to give him in 1866 consolidated bonds in evidence thereof. It not only had authority, but it was the duty of the corporation to pay its honest debts, however invalid the writing or instrument evidencing them, and whatever technical defense there might be to the same.

Corporations, like natural persons, should be honest.

In the case at bar the town of Donaldsonville had authority in 1866 to settle with plaintiff, or the party to whom these bonds were issued. Whatever defense there was to the claim, it was presumably known at the time of the settlement. If there was not then a valid legal obligation, there was at least a moral obligation, which was a good consideration for the bonds. If there was no other consideration, the delay of ten years was a legal consideration for the compromise of 1866, under which the bonds were issued.

We are unable to agree with the learned counsel for plaintiff that the refusal to pay the interest which was due in April, 1872, and April, 1873, and the ordinance of repudiation caused the whole debt to become due, and therefore in May, 1873, when this suit was filed, he had the right to demand payment of the bonds. The bonds were issued on the third of April, 1866, and made payable ten years after date.

The holder of a debt against a corporation has no greater right than if the maker were a natural person. The declaration of a natural person to the effect that he repudiates his obligation will not cause that obligation to mature before the time specified in the contract. Plaintiff is therefore only entitled to judgment for the amount due at the time the suit was filed, to wit : two hundred and fifty-six dollars, the amount of interest due on the third of April, 1872, and the third of April, 1873. In the ordinance authorizing the issue of these consolidated bonds, the council of the town of Donaldsonville passed a resolution levying a tax of one thousand dollars annually on "all the real estate of the corporation of the town of Donaldsonville, and that the same be set aside to form a sinking fund to pay the said consolidated debt."

As the legality of this ordinance is not questioned in the elaborate brief filed by defendants' counsel, it must be enforced, and the amount due plaintiff as fixed herein must be paid out of the funds arising from the enforcement thereof.

It is therefore ordered that the judgment appealed from be annulled, and that plaintiff recover of defendant two hundred and fifty-six dollars, with five per cent on one hundred and twenty-eight dollars thereof from the third of April, 1872, and like interest on the balance from the third of April, 1873, and costs of both courts ; and it is ordered that the demand of plaintiff for the amount of the bonds in suit be dismissed as of nonsuit. It is further ordered that the tax-collector proceed forthwith to collect the special tax of one thousand dollars levied by ordinance of the twentieth of March, 1866, on the rolls of 1871 and 1872, and out of the proceeds satisfy the judgment herein rendered, and the balance turn over to the treasurer of said corporation to be applied according to the provision of said ordinance of the town of Donaldsonville.

Rehearing refused.